

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable James W. Strawn
County Attorney
Willacy County
Raymondville, Texas

Dear Sir:

Opinion No. O-3622
Re: Whether House Bill No. 76,
47th Legislature, remitting
penalties and interest on de-
linquent taxes applies to such
penalties and interest which
have been reduced to final
judgment.

In your letter of May 27, 1941, you request our
opinion in response to the following question:

"I would like your opinion on the follow-
ing question: Does the recent tax remission
bill (H. B. 76, 47th Legislature) have the ef-
fect of remitting any part of the penalty and
interest on taxes that have been reduced to
final judgment?

". . ."

Section 55 of Article III, Texas Constitution
reads as follows:

"The Legislature shall have no power to re-
lease or extinguish, or to authorize the releasing
or extinguishing, in whole or in part, the indebt-
edness, liability or obligation of any corporation
or individual, to this State or to any county or
defined subdivision thereof, or other municipal
corporation therein, except delinquent taxes which
have been due for a period of at least ten years.
(Sec. 55, Art. 3, adopted election Nov. 8, 1932.)"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable James W. Strawn, Page 2

From the opinion of the Supreme Court, Jones v. Williams, 45 S. W. (2d) 130, we quote:

" . . .

"The statutes from time to time have contained provisions for the collection of delinquent taxes by attorneys or others by contracts for a percentage of the tax, or taxes, interest, and penalties collected. Vernon's Ann. Civ. St., arts. 7335, 7344, arts. 7264a and 7335a. The power to make contracts under these statutes is subordinate to the general legislative power to impose, increase, diminish, or remit penalties for tax delinquencies, and the existence of such contracts, where taxes have neither been paid nor reduced to judgment, does not prevent the remission statute from being effective, and the delinquent taxpayer has the same right to pay his taxes without paying penalties and interest (so-called) that he would have had such contracts never been made. The remission statute applies unless prior to the effective date of the statute the taxes had actually been collected or reduced to final judgment. . . ."

From the above authorities which you kindly furnished us in your brief, we conclude that your question should be answered in the negative.

Yours very truly

APPROVED JUN 7 1941

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:mp



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN